79 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bruce A. DAVENPORT, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3008.
 United States Court of Appeals, Federal Circuit.
 March 11, 1996.
 
 Before ARCHER, Chief Judge, MICHEL, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Bruce A. Davenport petitions for review of a decision of the Merit Systems Protection Board, Docket No. CH-0752-91-0001-I-1, dismissing as untimely his petition for review of an administrative judge's initial decision. We affirm.
 
 BACKGROUND
 
 2
 Davenport was removed from his position as a mail processor with the United States Postal Service after he was arrested for distributing cocaine. Following his conviction, imprisonment, and release from custody, Davenport appealed his removal to the Merit Systems Protection Board. An administrative judge sustained the removal, finding that Davenport had engaged in cocaine distribution on Postal Service grounds and that the Postal Service had shown a nexus between the criminal conduct and the efficiency of the service. The administrative judge also found that the Postal Service's choice of penalty was within the permissible limits of reasonableness. In particular, the administrative judge rejected Davenport's claim that his veteran's disability rating for schizophrenia evidenced "diminished capacity" warranting mitigation; the administrative judge based that finding on testimony by Davenport that with medication his condition was not a problem, that he was taking his medication during the time he was distributing cocaine, and that financial gain was a reason he had engaged in the illegal activity.
 
 
 3
 The administrative judge's decision advised Davenport that he could petition the full Board for review, but that the petition was required to be filed by March 5, 1991, thirty-five days after the initial decision. Upon request by Davenport, the Clerk of the Board extended the deadline for filing a petition for review to March 25, 1991. On July 10, 1995, more than four years after the initial decision, Davenport filed his petition for review. To support his claim that there was good cause to excuse the delay, Davenport pointed to a November 1994 decision of the Department of Veterans Affairs (DVA) increasing his disability rating for "chronic, paranoid type schizophrenia" from 70 percent to 100 percent, retroactive to 1987. The Merit Systems Protection Board, however, dismissed the petition for review. The Board found that although that evidence might be new, it was not material, because it would not have changed the result in Davenport's case. The Board also found that Davenport failed to act with due diligence or ordinary prudence, as he waited more than six months after learning of the new evidence before filing his petition for review. Finally, the Board found that Davenport had failed to offer any medical evidence that his mental condition was so severe that it prevented him from filing his petition for review either within 35 days after the initial decision or promptly after learning of the DVA's increased rating decision.
 
 DISCUSSION
 
 4
 A petition for review of an administrative judge's initial decision must be filed within 35 days of the issuance of the decision, 5 C.F.R. § 1201.113(a), although the Board has discretion to waive the timeliness requirement if it finds that there was good cause for the delay, id. § 1201.113(d). The burden of proving either timeliness or good cause rests on the appellant. Id. § 1201.56(a)(2)(ii).
 
 
 5
 We find no error in the Board's ruling that Davenport failed to act with due diligence or ordinary prudence when he waited more than four years to file his petition for review, including more than six months after he obtained the new evidence in his case. See Caney v. Department of the Treasury, 48 M.S.P.R. 101, 103 (1991) (no due diligence because of six-month filing delay after learning of new evidence), aff'd, 956 F.2d 1172 (Fed.Cir.1992) (Table), cert.denied, 507 U.S. 1033 (1993); Jenkins-Nye v. General Servs. Admin., 34 M.S.P.R. 382, 384-85 (1987) (two-month delay); Maples v. Defense Logistics Agency, 31 M.S.P.R. 667, 670 (1986) (seven-month delay), aff'd, 824 F.2d 980 (Fed.Cir.1987) (Table).
 
 
 6
 Davenport argues that his mental condition excused the delay in filing his petition for review, both after the initial decision and after he learned of the DVA's decision. He argues that the medical diagnoses detailed in the DVA's November 1994 decision, together with an affidavit from his sister, prove that his mental illness was so incapacitating as to excuse his untimeliness. The DVA decision, however, states that Davenport is "fully oriented" and that his schizophrenia is not "nearly totally disabling." The decision to give his schizophrenia a 100 percent rating was based on his almost complete unemployability due to the destructive impact of the schizophrenia on his ability to work with others. Thus, the DVA decision does not establish that Davenport's condition incapacitated him to the point that he could not file his petition, request an extension, or ask someone else to file for him. See Owens v. Department of Justice, 64 M.S.P.R. 397, 399 (1994); Amaral v. Department of the Army, 63 M.S.P.R. 480, 483 (1994), appeal dismissed, 52 F.3d 344 (Fed.Cir.1995) (Table); Ford v. Office of Personnel Management, 59 M.S.P.R. 66, 69 (1993), aff'd, 34 F.3d 1080 (Fed.Cir.1994) (Table). The affidavit from Davenport's sister likewise fails to establish sufficient incapacity; in any event, we may not even consider the affidavit since Davenport failed to present it to the Board. See McGarigle v. United States Postal Serv., 904 F.2d 687, 689 n. 2 (Fed.Cir.1990). There is therefore nothing in the record that persuades us that the Board abused its discretion in finding no good cause to excuse Davenport's four-year delay in filing his petition for review.